4:19 cv 39

# THE FEDERAL DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

1.

Antonio Edwards
    Plaintiff

v

Federal U.S.P. Lewisburg
Warden Ebbert And Medical
, And Administrative Staff.

FILED
SCRANTON

JAN 08 2019

PER _____
DEPUTY CLERK

Motion Pursuant to Civil
Action Rule "42 U.S.C.S. 1983" (Bivens)

    Now Comes, Petitioner Pursuant to Civil Rule "42 U.S.C.S. 1983", In The United States District Court for The Middle District of Pennsylvania against Warden Ebbert, and his Officials, Medical and Administrative; on that ① Certain conditions of confinement constituted cruel and unusual punishment in violation of the federal constitutions Eighth and Fourteenth Amendments. ② A violation of Due Process Clause of the Fourteenth Amendment that prohibits a state, or federal jurisdiction from depriving a prisoner of life, liberty, or property without Due process of Law. ③ Plaintiffs Eighth Amendment to be free from cruel and unusual punishment is violated when prison physician's and Officials act with Deliberate Indifference to any serious medical need or condition. Constituting Inadequate medical treatment and medical Neglect.

2.

(B) Discrimination by Prison Officials are unconstitutional under the Fourteenth Amendment's Equal Protection Clause.

Memorandum of Facts, and LAW IN Support of Civil Rule "42 USCS. 1983"

When liability for serious harm is at issue, a Plaintiff must demonstrate "Deliberate Indifference" by showing; ① An unusual risk of serious harm, ② Defendants actual knowledge of that elevated risk, ③ Defendants failure to take obvious steps to address that known risk.

On August, 27 2018 Plaintiff (Antonio Edwards), was transferred to Lewisburg "USP," "SMU" Special Housing Unit Program. Upon arrival No medical intake screening was available to assess medical concerns for Mr. Edwards. Note, on Mr. Edwards person was his medical Duty sheet as noted by BOP Policy that informs all officials of physical limitations and medical property. Such as Breathing Machine, asma pump etc...., Mr. Edwards has medical disadvantages that require him to travel with such; Breathing Machine, Medical shoes, knee Brace, Pressure stockings, and Scrotum Support, and High Blood Pressure Medication and 800m IBU for pain. Mr. Edwards is a chronic care patient, as prescribed by physician's. The 800m IBU taking by Mr. Edwards for pain was discontinued by a Dr. Edinger before he was seen or screened by any nurse or doctor at USP Lewisburg. Pain medication was issued for pain in the Left knee, Hip, thigh, and Scrotum area for which Mr. Edwards was operated on at some point and has complications.

②

3.

The Supreme Court has made clear that Section 1983 permits recovery for serious physical harm to an inmates health. This conduct is a violation of the Eighth Amendment, which is Deliberate Indifference Estelle v Gamble, 429 U.S. 97 at 104, 06, 50 L. Ed. 2d 251, 97 S. Ct. (1976)

Deliberate Indifference is a violation of the Eighth Amendment to an inmates health when officials and/or prison physicians ignore another physicians order of on going treatment to a patients health that is so obvious a lay person would recognize a doctors intentions. Wilson v Seiter, 115 L. Ed. 2d 271, 111 S. Ct. 2321, 2323 (1991)

Canton v Harris, 489 U.S. 378, 388-90, 103 L. Ed. 2d. 412, 109 S. Ct. 1197 (1989), The Supreme Courts has also made clear that, by Deliberate Indifference, it means more than ordinary negligence and proably more than gross negligence.

Not only did Mr. Edwards have physical limitations. Mr. Edwards was operated on back in or around Nov. 2017 for a Hydro-cell swelling. Where Mr. Edwards was advised that he would experience pain there for the rest of his life. (Tylenol-3) was given for pain until he healed. 800 m Ibu. was given following. Again Medical Officials at USP Lewisburg had knowledge of this order and deliberately ignored it. On 10-14-18 Hydro-Cell returned on the left side reducing Mr. Edwards to experience intolable pain. Along with infection and Antibiotics was issued. (Ciprol). Doctor appointment made but No one seen Mr. Edwards.

③

4.

Mr. Edwards saw doctor on 11-13-18 for Hydro-Cell Ciprol was issued again for a 30 day period.

On 9-11-18 Mr. Edwards was seen by Prison physician Dr. Edinger about the discontinuance of pain Medication Mr. Edinger stated, "it did not coincide with High Blood Pressure medication, but I could purchase it off of prison commisary if I so chose." No alternative pain medication was offered. All other medical concerns by Mr. Edwards was denied also. Pain and steroid shot to the knee and Hip, smaller knee brace due to weight loss, Medical shoes, Scrotum support, and Pressure stockings. Mr. Edwards also had his Breathing Machine taking for several days. Mr. Edwards complained of pain constantly with no results. Mr. Edwards was transferred from Victorville USP to Lewisburg USP with No Shoes on as punishment for so reporting conditions. Popham v Atlanta, 778 F. 2d. 678, 682-84, 686 (11th Cir, 1985) Supervisor's knowledge inferred from complaints of under-staffing.

This behavior shows Deliberate Indifference to one's medical condition and conditions of confinement to a situation that clearly shows the harm that follows.

Injury

On 12-28-18 Mr. Edwards was moved to X Block Unit. And placed in the basement in Cell 018, that was flooded with water on the floor from when it rains, No Heat, and Air-vents blocked by Sutt from constant burning of cloth or paper. Mr. Edwards clearly is and has been since he arrived at USP Lewisburg been suffering from

5

Carbon Monoxide poison, and Mill Dew in the walls Mr. Edwards complained but nothing was done. Prior to Mr. Edwards being placed in the cell, two other inmates were moved out of the cell due to the conditions. Mr. Edwards also has an extension cord running on the floor of the cell to breathing machine. Water and electricity don't mix.

On 10-11-18 Mr. Edwards slip and fell one morning trying to catch the cord before the water hit it electrocuting himself and Die-ing. Mr. Edwards saved himself from being electrocuted but hurt his back, knee, and hip in the process. The water found its way in to the cell from rain during the night. This action clearly put Mr. Edwards life in danger, for he could have easily been killed if not reaching Electric cord in time. Not only is this "DI", this is clearly Cruel and unusual punishment, Torraco v Maloney, 923 F.2d 231, 236 (1st Cir. 1991), requiring "strong likelihood," rather than mere possibility that self-infliction of harm will occur Cortes-Quinones v Jimenez-Nettleship, 842 F.2d. 556, 560 (1st Cir 1991) Mr. Edwards was escorted to Medical shortly thereafter where Dr. Edinger prescribed a steroid/pain medication for 5 days called (Prednisone), that was suppose to help with pain suffered from fall. Promises were made to schedule an appointment to see a specialist. Never seen anyone after that. Not only is this a violation of the Eighth Amendment, its also a violation of FBOP Program statement. The injury's to Mr. Edwards back, knee and hip are insufferable. An Operation is warranted, And Mr. Edwards is still suffering from this fall. Nothing is being done.

6. Policy Per BOP Program Statement:
The Standard of Employee Conduct Prohibits employee's from engaging in conduct that may be threatening to an inmates health or Safety. All Inmates have the right to be treated with equal consideration, respect, and dignity. By Placing Mr. Edwards in a cell with Hazardous conditions, prison officials have acted with malicious cruelty, and Negligence to certain conditions of confinement that constitutes cruel and unusual Punishment in violation of the federal constitutions Eighth and Fourteenth Amendments. Discrimination by Prison Officials are also unconstitutional under the equal Protection Clause of the Fourteenth Amend.

    Washington v Lee, 263 F. Supp. 327 (MD Ala. 1966)

Also a violation of "DI" to a prison condition that exposes a prisoner to an unreasonable risk of serious harm.

    Rhodes v Chapman, 452 U.S. 337, 346 (1981)
    Farmer v Brennan, 511 U.S. 825 (1994)
    Wilson v Seiter, 501 U.S. 294 (1991)

See, Seitz v Allegheny County U.S.D.C. (WD Penn.) Case No. 2:16-cv-01879-CRE, Solitary Conditions were so harsh and gave No regard to the need of prisoner's Just like "ACJ" Officials, Officials at USP Lewisburg show No professional respect, concern, or compassion for conditions of confinement that constitutes an unreasonable risk of serious harm. As a result of inadequate health treatment, Mr. Edwards filed a complaint through FBOP Administrative Remedy Process with No Resolution. Plaintiff also filed Injury Tort Claim Per Program Statement. Is it the job of our justice system to punish the plaintiff for his crimes by subjecting him to harsh prison conditions that may result in injury or death to his person? "We think Not!"

7. Mr. Edwards also suffers from retaliation for so reporting conditions of confinement.

199.7 Prohibition of Retaliation:

No person reporting conditions which may cause or constitute violation under this chapter shall be subjected to retaliation in any manner for so reporting. Mr. Edwards has been punished by officials at USP Lewisburg by withholding his legal paper work where he is denied Due Process of Law as punishment.

The Due Process Clause of the Fourteenth Amend. prohibits a state or federal jurisdiction from depriving a prisoner of Life, Liberty, or property without due process of Law. Mr. Edwards is fighting Pro-se in federal Court by filing his "2255" by way of Johnson, or Sessions v Dimaya and other controling cases without access to the Courts.

In U.S. ex rel. Mayberry v Prasse, Courts found that it is the right of a prisoner to prepare, serve, file legal papers, and prosecute legal actions effecting his personal liberty. In view of the absence of counsel to asist a prisoner in prosecuting his legal action courts ruled, Prison officials may regulate the manner in which a prisoner conducts research, they may not engage in whole sale confiscation or withholding of significant legal documents.

See, Mason V Orange Crush Officers, U.S.D.C. (S.D. Ill.) Case No. 3:17-CV-01026-SMY-RJD

8.

In Sigafus v Brown (7th Cir.), Courts held that confiscation of legal materials necessary to afford reasonable access to the Courts resulted in a denial of constitutional right. Prison Officials cannot prevent a prisoner from possessing his/her own legal materials on the grounds that the legal material might serve as incendiary matters during the future.

In Ali v Fed. BOP (2008), Under the Federal Tort Claim Act the unlawful detention of legal property is unconstitutional and a violation of "BOP" Program statement. Any prison or its official who impede's a prisoner's access to the courts will be held valid.

In Bivens the Supreme court permits suits against Federal employee's in their individual capacity creating a counterpart to suit under 42 U.S.C. 1983 Bivens, 403, U.S. 388, 91 S. Ct., 999, 29 L. Ed. 2d. (1971) Bivens v Six Unknown Named Agents of the FBOP of Narcotics, 403 U.S. 388, 397, 91 S. Ct. 1999, 29 L. Ed. 2d. 619 (1971), Authorizing individuals to pursue constitutional suits against Federal and/or state officials. In Bivens, the Supreme Court held that Plaintiffs may sue Federal officials for denying them their constitutional rights.

Conlusion

USP Lewisburgs Official's has deprived Mr. Edwards of both substantive and procedure due process Violated both 8th and 14th Amendments on grounds of Deliberate Indifference, and violation of Due Process, and Subjected Mr. Edwards to harsh prison condition's constituting cruel and unusual

9.

punishment. Therefore, Plaintiff Respectfully Requests the Court grant Relief or any other relief which Plaintiff may be entitled for judgement. Plaintiff has also suffered in repairable damage to his left knee, lower back, and left hip from the fall in the cell due to water flooding.

I Respectfully Respect to reserve the Right to amend this motion in a timely Fashion if so ordered.

Executed January, 1 2019
Antonio Edwards

Respectfully Submitted
January, 1 2019
Antonio Edwards
Antonio Edwards

Defendants:
Warden: Mr. Ebbert
Asst. Warden: Mr. Colbert
Officer Mr. Gilligan
Medical: Dr. Edinger
Medical: Nurse Ms Kreddling
Case Manager: Mr. Hicks — Witness
Counselor: Mr. ~~[redacted]~~ K. Gremberling — Witness

10. Certificate of Service

I hereby declare under the penalty of Perjury that the foregoing is true and correct to the best of my knowledge.

Executed this day of January 1 2019

*Antonio Edwards* — Signature
437 40-007
Fed No.

Antonio Edwards
437 40-007
USP Lewisburg
P.O. BOX 1000
Lewisburg, PA 17837



LEGAL MAIL