# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO EDWARDS, | No. 4:19-CV-00039 |
| Plaintiff, | (Judge Brann) |
| v. | |
| WARDEN OF LEWISBURG, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### APRIL 23, 2020

Plaintiff Antonio Edwards, a prisoner formerly confined at the United States Penitentiary at Lewisburg, in Lewisburg, Pennsylvania, filed an amended complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[1] alleging, *inter alia*, violations of Plaintiff's First and Eighth Amendment rights related to his prison conditions, medical treatment, and access to the courts while Plaintiff was incarcerated at USP Lewisburg.[2] Presently before the Court is the motion to dismiss filed by Defendants Dr. Edinger, Officer Gilligan, Warden Ebbert, and Witness Counselor K. Gemberling, which is ripe for disposition.[3] For the reasons that follow, the Court will grant the motion to dismiss.

---

[1] 403 U.S. 388 (1971).
[2] Doc. 26.
[3] Doc. 40.

1

## I. BACKGROUND

In the Amended Complaint, Plaintiff alleges that while he was housed at USP Lewisburg, his breathing machine was confiscated and held for six to seven days.[4] This caused extreme discomfort for Plaintiff, who suffers from sleep apnea and put him at risk of not getting enough oxygen while he sleeps.[5] Plaintiff does not identify who confiscated his breathing machine.[6]

Plaintiff also alleges that on August 28, 2018, Defendant Dr. Edinger acted with deliberate indifference when he discontinued his pain medications that another physician had prescribed to Plaintiff as part of his chronic care treatment.[7] Plaintiff had just had an operation where the pain medication was prescribed to treat that injury.[8] Plaintiff also alleges that he was not prescribed an alternate pain medication, and was advised that he could purchase Tylenol from the prison commissary.[9] Plaintiff alleges that Tylenol is not strong enough for his pain.[10]

Next, Plaintiff alleges that on October 11, 2018, Defendant Dr. Edinger refused to provide a proper and adequate medical assessment and treatment to Plaintiff regarding an injury to his back, left hip, and knee.[11] These injuries resulted

---

4   Doc. 26-1 at 1.
5   *Id.*
6   *Id.*
7   *Id.*
8   *Id.*
9   *Id.*
10  *Id.*
11  *Id.*

from a fall he sustained in Cell 018, located in the basement range of X Block at USP Lewisburg.[12] Defendant Dr. Edinger prescribed prednisone for five days, which only eased Plaintiff's pain temporarily.[13] Plaintiff alleges that he is still suffering from pain from the fall.[14]

Then, on October 15, 2018, Plaintiff's hydrocele condition returned, causing Plaintiff considerable pain.[15] Despite this pain, Defendant Dr. Edinger refused to prescribe ibuprofen for the pain but did prescribe antibiotics to treat the hydrocele.[16] Plaintiff also saw a specialist, a urologist, on November 13, 2018.[17]

As to Defendant Correctional Officer Gilligan, Plaintiff alleges that on September 28, 2018, Defendant Gilligan placed Plaintiff in a cell that was unfit for occupation.[18] Specifically, two inmates were previously moved out of Cell 018 due to flooding.[19] Not only did the cell flood when it rained, it also created a dangerous condition due to Plaintiff's breathing machine which uses an electrical extension cord; the cell also lacked heat and had windows that would not close.[20] While Plaintiff was housed in Cell 018, he sustained a fall because he was trying to get his

---

[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.* at 2.
[19] *Id.*
[20] *Id.*

breathing machine and its extension cord out of the flooding water.[21]  According to Plaintiff, when the basement cells flood, all prisoners have to be removed.[22]  Plaintiff alleges that Defendant Warden Ebbert may not be directly responsible for these actions, but he is aware of these actions and the conditions of Plaintiff's confinement.[23]

Finally, Plaintiff alleges that Defendant Counselor Gemberling refused to provide him with administrative remedy forms on several occasions and denied Plaintiff from speaking with his attorney.[24]

## II.    STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.[25]  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.[26]  The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.[27]

---

[21]  *Id.*
[22]  *Id.* at 1.
[23]  *Id.* at 3.
[24]  *Id.* at 4.
[25]  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[26]  *See Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam).
[27]  *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[28] The court need not accept unsupported inferences,[29] nor legal conclusions cast as factual allegations.[30] Legal conclusions without factual support are not entitled to the assumption of truth.[31]

Once a court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face."[32] A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[33] The complaint that shows that the pleader is

---

[28] *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted).
[29] *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).
[30] *Twombly*, 550 U.S. at 556.
[31] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).
[32] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[33] *Iqbal*, 556 U.S. at 678.

entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion.[34]

## III. DISCUSSION

Here, Plaintiff asserts First and Eighth Amendment claims against the Defendants, who have moved to dismiss all claims, arguing that Plaintiff has failed to state a claim upon which relief may be granted. After reviewing the motion and supporting and opposition briefs, the Court agrees with Defendants; the amended complaint will be dismissed.

First, Plaintiff has failed to allege the personal involvement of Defendant Warden Ebbert in the amended complaint. "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'"[35] Supervisory liability cannot be imposed in a civil rights action by *respondeat superior*.[36] "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[37] A plaintiff must show that an official's conduct caused the deprivation of a federally protected right.[38]

---

[34] *See* Fed. R. Civ. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).
[35] *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).
[36] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[37] *Id.* at 677.
[38] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiff makes no allegations of personal involvement sufficient to trigger liability against Defendant Warden Ebbert. Plaintiff merely states that Defendant Ebbert "may not be directly responsible for the actions of his officers, but he is aware of their conduct" and that he knew that the basement range of X Block had no heat, windows that did not close, and flooding when it rained. This is akin to seeking liability on the basis of *respondeat superior* and is insufficient to establish the personal involvement of Defendant Ebbert; Defendant Ebbert is not the prison official who placed Plaintiff in the basement cell. As such, Plaintiff has failed to state a claim upon which relief may be granted as to Defendant Ebbert.

Next, Plaintiff's Eighth Amendment medical claims against Defendants Dr. Edinger also fail. "In order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."[39] "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."[40] This standard affords considerable latitude for medical professionals within a prison to diagnose and treat the medical problems of inmate patients.[41]

---

[39] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[40] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[41] *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D. Pa. 1996).

Some of the more common situations in which "deliberate indifference" has been found include when the defendant knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, or prevents a prisoner from receiving needed or recommended medical treatment.[42]

Although it is understandable that Plaintiff may prefer a certain pain reliever or medication, such a disagreement does not rise to the level of a constitutional violation. As the United States Court of Appeals for the Third Circuit has held, "mere disagreement as to the proper medical treatment" does not create an Eighth Amendment medical claim.[43] Put another way, when an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist.[44] Notably, medical negligence and malpractice are also insufficient to state an Eighth Amendment claim.[45]

Here, there are simply no allegations that Defendant Dr. Edinger intentionally refused to provide medical treatment, delayed treatment based on a non-medical reason, or prevented Plaintiff from receiving medical treatment. Plaintiff alleges, at

---

[42] *Id.*
[43] *See Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).
[44] *Nottingham v. Peoria*, 709 F. Supp. 542, 547 (M.D. Pa. 1988).
[45] *See White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990) (citing *Estelle v. Gamble*, 429 U.S. 97, 106).

best, a typical medical negligence or malpractice claim; as such, the Court must dismiss the claims against Defendant Dr. Edinger.

Plaintiff also alleges an Eighth Amendment conditions of confinement claim against Defendant Correctional Officer Gilligan, who placed Plaintiff in the basement cell. In order to establish a constitutional violation, a conditions of confinement claim must be so reprehensible as to be deemed inhumane under contemporary standards or one that deprives an inmate of minimal civilized measures of the necessities of life.[46] The claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious," and (2) the "prison official must have a sufficiently culpable state of mind."[47] In prison condition cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety."[48] An evaluation of the context of the claim is necessary. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets."[49]

---

[46] *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992).
[47] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).
[48] *Id.*
[49] *See id.* at 304.

9

In the matter at hand, Plaintiff's conditions of confinement claim fails because he has alleged insufficient facts to contextualize the alleged shortcomings of his housing at USP Lewisburg that would demonstrate a potential constitutional violation. Specifically, Plaintiff does not allege the duration or severity of his housing issues. For example, how often did the cell flood and what does "flooding" consist of—standing water or just seepage of water? How cold was his cell, and did the Plaintiff have access to alternative means of maintaining a comfortable body temperature? Notably, Plaintiff alleges that when the basement cells flood, all the prisoners are removed. While having to be relocated when it rains is inconvenient, such activity and relocation would likely not rise to the level of an Eighth Amendment violation. Because Plaintiff has failed to allege the severity and duration of the lack of heat and the flooding, Plaintiff cannot state a conditions of confinement claim.[50]

Finally, Plaintiff appears to allege a First Amendment access to courts claim against Defendant Gemberling regarding the denial of grievance forms and access to his attorney. As this Court has previously determined, however, "prisoners have no constitutionally protected right to a grievance procedure,"[51] and First Amendment

---

[50] *See Beckett v. Grant*, No. 18-cv-329, 2018 WL 1518563, at *3 (M.D. Pa. March 28, 2018) (dismissing conditions of confinement claim when plaintiff failed to allege the severity and duration of exposure to cold temperatures).

[51] *Carter v. Thomas*, No. 3:12-cv-1955, 2014 WL 4792600, at *5 (M.D. Pa. Sept. 23, 2014)

claims are not cognizable as private causes of action under *Bivens*.[52]  As such, Plaintiff cannot state a claim for relief against Defendant Gemberling.

Generally, "plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[53]  Because it cannot be said that any attempt to amend would be futile, the Court will provide Plaintiff with a final opportunity to amend his amended complaint in conformance with this Memorandum Opinion.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant the motion to dismiss, dismiss the amended complaint, and grant Plaintiff leave to file a second amended complaint.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[52] *See Rinaldi v. United States*, 1:13-cv-450, 2019 WL 1620340, at *7-9 (M.D. Pa. April 16, 2019) (citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012)).
[53] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).